## CORBETT *a.* CLAFLIN.

*New York Common Pleas ; Special Term, April,* 1864.

MOTION TO DISMISS FOR NEGLECT TO PROSECUTE.

The fact that defendant has had the cause reserved generally, does not make it his duty to keep it upon the calendar. If the plaintiff suffers it to go off the calendar, the defendant may move to dismiss the action for neglect to prosecute.

In such case, where the motion is denied on plaintiff's showing sufficient ground for so doing, the terms imposed on him should be, payment of defendant's costs from the time at which plaintiff suffered the cause to go off the calendar.

Motion, on the part of the defendants, to dismiss the complaint for unreasonable neglect to proceed with the cause.

This action was brought by Robert H. Corbett against Horace B. Claflin and others. The defendants' affidavit on this motion stated that issue had been joined on the 30th July, 1859, and a note of issue filed on the 19th September, 1859 ; that the cause had been frequently noticed for trial, but had never been moved by the plaintiff, and that the cause had been reached in its turn, and junior issues tried ; that, at the commencement of the year (1864) the plaintiff had allowed the cause to go off the calendar, and, on the 5th of January, the defendants had served a notice of motion similar to the present, for a dismissal of the complaint, but that the motion had been withdrawn on the plaintiff's attorneys signing a written stipulation to move the cause on in the February term. The affidavit proceeded to state that the plaintiff not only had not moved the cause on in February, but had taken no steps to put the cause on the calendar either for that term or for the March term, whereupon the present motion was made, under Rule 27 and subd. 4 of section 274 of the Code of Procedure.

*Christopher Fine,* for the plaintiff, opposed the motion.—The plaintiff's affidavit stated that in February, 1861, the defendants' attorney procured the cause to be " reserved generally," and

was not entitled to complain of the plaintiff's neglect to move it on. The cause had lain dormant at the defendants' own instance, and it was in their power to have moved it on at any time on two days' notice. That, as to the cause not having been retained on the calendar at the commencement of the year, it was an oversight, arising out of a new rule of the court. The clerk of the plaintiff's attorney had been directed to file the proper note of issue, but had omitted to do so. The laches were as much those of the defendants as of the plaintiff, because the defendants had had the cause reserved to suit their own convenience, and, if they wished to force the cause to trial, ought to have moved the cause on the calendar. Under the authority of the case of Moeller *a.* Bailey (14 *How. Pr.*, 359), he submitted that where laches were clearly shown on the part of the defendants, the court would not dismiss the complaint, especially where, as in the present case, the plaintiff was ready to undertake to try the cause at the next term.

*I. T. Williams*, for defendants.—Admitting that the cause had been reserved on the former calendar at the instance, and for the convenience, of the defendants' attorney, as had been alleged, still it was the duty of the plaintiff to keep the cause on the calendar. It was no part of the defendants' duty to do that. So long as the cause stood reserved on the calendar, it was in the defendants' power to move it upon the day calendar at two days' notice. If the plaintiff allowed it to drop, they could not do this. It had been argued that this was as much the duty of the defendants as of the plaintiff, and the case of Moeller *a.* Bailey (14 *How. Pr.*, 359) had been cited, but that case had been entirely overruled by the case of Bowles *a.* Van Horne (11 *Abbotts' Pr.*, 84; S. C., 19 *How. Pr.*, 346); or rather, Justice Hoffman had clearly shown, in the latter case, that the grounds upon which Judge Harris had decided the case of Moeller *a.* Bailey, namely, the abeyance of the 27th Rule, had no application after the restoration of that rule in August, 1858. The rule was now as it stood at the date of the case of Bowles *a.* Van Horne,—not as it stood when Moeller *a.* Bailey had been decided. But if there had been any excuse for the plaintiff previously to the date of the stipulation of January 18th, 1864, there could be none after. Why was not the

cause put on the calendar for February, as stipulated? why not for March? Were the defendants bound to pay the stenographer's fee, in order to place the cause where it had been the duty of the plaintiff to keep it?

DALY, J.—A case of negligence is clearly made out. The allegation that the defendants had had the cause reserved on the former calendar ceased to have any force when the plaintiff allowed the cause to go off the calendar altogether. It was not the duty of the defendants, but of the plaintiff, to keep it there. The defendants were not bound to carry on the plaintiff's suit. There was negligence in not having the cause retained on the calendar at the commencement of the year. There was still greater negligence in omitting to place the cause on the calendar for February and March, after express stipulation. The authority of Bowles *a.* Van Horne, cited by defendants' counsel, is satisfactory and conclusive authority. But, here, as in that case, I think sufficient has been shown to warrant the court in allowing the plaintiff an opportunity of trying the cause at the next term, upon terms. What those terms should be, is the question.

*Defendant's counsel* stated that, in the case of Bowles *a.* Van Horne, Judge Hoffman had held that the cause could only be retained on the terms that the plaintiff paid all costs incurred up to that date.

*Contra,* it was argued that the circumstances were different. Here no neglect could be charged up to the end of the year 1863, while the cause stood reserved by consent of parties.

DALY, J.—I think the negligence commenced on January 1, 1864, and that the penalty ought only to attach during the period over which the negligence extended, namely, the months of January, February, and March. The motion will be granted, unless the plaintiff, within ten days, place the cause on the calendar, and stipulate to try at the next term, and pay to the defendants costs for the January, February, and March terms, with disbursements, and ten dollars costs of this motion.

Order entered accordingly.